FILED
FEB 29 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NICOLE D. EVANS,

Plaintiff,

v. Case No.: 2:11cv306

LARCHMONT BAPTIST CHURCH INFANT CARE CENTER, INC., et al.,

Defendants.

OPINION and ORDER

Before the Court is Defendant Larchmont Baptist Church Infant Care Center, Inc.'s (Larchmont) Motion to Dismiss Plaintiff Nicole Evans's Complaint.[1] ECF No. 23. For the reasons stated herein, Defendant's motion is GRANTED.

## I. BACKGROUND

Plaintiff filed a one-page pro se complaint against Larchmont on June 9, 2011. ECF No. 3. Although the factual allegations in Plaintiff's Complaint are sparse, she states that she worked at Larchmont from September 2006 through June 2010 as a Lead Teacher.

[1] In addition to Larchmont, Plaintiff's Complaint names Laura Reed ("Reed") and Kim Carmi ("Carmi") as defendants in their individual capacities. Reed joined Larchmont's Motion to Dismiss, which is presently before the Court, and Carmi filed a separate pro se Motion to Dismiss on January 19, 2012, (ECF No. 25). On February 23, 2012, the Court, sua sponte, ordered Plaintiff to show cause why Defendants Reed and Carmi should not be dismissed with prejudice from this action. ECF No. 29. Accordingly, the present Order addresses Plaintiff's Complaint only as it pertains to Larchmont.

Plaintiff alleges that on June 24 and 29, 2009, her employer asked her to write false statements about a former co-worker, who had filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") after Larchmont terminated her employment. On August 7, 2009, Plaintiff alleges that Larchmont demoted her in retaliation for actions related to the co-worker's EEOC charge. Plaintiff further alleges that Larchmont terminated her employment in June 2010 in retaliation for the same conduct. Plaintiff seeks relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, as amended, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, as amended (collectively "the Acts").[2]

Plaintiff apparently filed her own charge with the EEOC, which investigated her claim and found sufficient evidence to believe that she had been retaliated against. After Larchmont allegedly refused to engage in conciliation with the EEOC, the agency issued Plaintiff a Notice of Right to Sue on March 18, 2011.[3] Plaintiff

---

[2] The ADA provides that: "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Title VII contains a substantially similar provision. See 42 U.S.C. § 2000e-3(a).

[3] Plaintiff has not provided the Court with the EEOC Charge that she filed against Larchmont or the Notice of Right to Sue that she allegedly received from the EEOC. Although claimants are not required to attach these documents to their complaints, the allegations in the EEOC charge generally circumscribe a claimant's right to relief, see Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005), and, in the instant matter, reference to these

subsequently filed a complaint in this Court asking for damages for lost wages in the amount of $80,000.00.

Larchmont filed an Answer to Plaintiff's Complaint on August 9, 2011. ECF No. 8. On January 17, 2012, Larchmont filed a Motion to Dismiss Plaintiff's Complaint and supporting memorandum, asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ECF Nos. 23-24. Plaintiff filed a Motion in Opposition to Defendant's Motion to Dismiss ("Reply") on February 7, 2012.[4] Because no party has indicated special circumstances requiring oral argument in this matter, Larchmont's motion is deemed submitted for decision based on the papers. See Local Civil Rule 7(J).

## II. SUBJECT MATTER JURISDICTION

Larchmont contends that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to plead facts sufficient to demonstrate that the ADA or Title VII applies to Larchmont. A district court lacks the power to issue a ruling binding the parties in the absence of a statutory or constitutional grant of authority over the subject matter of the action. See U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). A plaintiff's claim "may be dismissed for want of

---

documents would greatly assist the Court's reading of Plaintiff's Complaint.

[4] Although Plaintiff's Reply was untimely, no party has objected to its consideration.

subject-matter jurisdiction if it is not colorable, i.e., if it is . . . 'wholly insubstantial or frivolous.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-683 (1946)). The Acts provide that an employer must have "15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. §§ 2000e(b), 12111(5).

Plaintiff's Complaint lacks any information concerning the number of individuals Larchmont employed during the relevant period, and Larchmont contends that it has never employed fifteen or more individuals.[5] Larchmont Supp. Mem. 3, ECF No. 24. Because Plaintiff has made no allegations and provided no evidence that Larchmont is an employer under the Acts, Larchmont argues that this action must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Plaintiff's failure to allege the number of individuals employed at Larchmont does not deprive this Court of subject-matter jurisdiction over her claim. Federal law provides that "district courts shall have original jurisdiction of all civil actions

---

[5] Larchmont has not submitted any evidence supporting this contention. Defendant Carmi attached Larchmont's pay roll records from January 1, 2008, through June 9, 2009 to her Answer. Carmi Answer Ex., ECF No. 9 attach. 1. Although the Court has not considered these records for the purpose of this Order, it notes that by Carmi's count, Larchmont employed 15 individuals for two weeks in March, one week in June, and one week in August of 2009. Id.

arising under the Constitution, law, or treaties of the United States," 28 U.S.C. § 1331, and Title VII and the ADA grant U.S. district courts jurisdiction over actions brought under their provisions, 42 U.S.C. §§ 2000e-5(f)(3), 12117(a). In Arbaugh, the plaintiff alleged so called "federal-question" jurisdiction under 28 U.S.C. § 1331 because her claim for employment discrimination arose out of Title VII. 546 U.S. at 513-14. The United States Supreme Court held that Title VII's 15-employee requirement was "an element of a plaintiff's claim for relief, not a jurisdictional issue." 546 U.S. at 515. It reasoned that Congress could have made the 15-employee minimum a jurisdictional requisite of bringing a Title VII claim but that it instead placed the numerosity requirement in a "separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" Id. at 515 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)).

The same reasoning applies to a claim for relief under the ADA. See Fox v. Gen. Motors Corp., 247 F.3d 169, 176 (4th Cir. 2001) ("Because the ADA echoes and expressly refers to Title VII, and because the two Acts have the same purpose—the prohibition of illegal discrimination in employment—courts have routinely used Title VII precedent in ADA cases."). Title VII's jurisdictional provisions apply to employment discrimination claims brought under the ADA. See 42 U.S.C. § 12117(a) (incorporating the "powers,

remedies, and procedures" in 42 U.S.C. § 2000e-5). As with Title VII, the ADA's 15-employee requirement appears in a completely separate provision of the statute that makes no reference to jurisdiction. See 42 U.S.C. § 12111; Arbaugh, 546 U.S. at 515. Accordingly, the fact that Plaintiff has failed to allege that Larchmont employed 15 employees during the relevant period does not deprive this Court of subject matter jurisdiction over her claim. See Arbaugh, 546 U.S. at 515.

Failure to plead facts sufficient to demonstrate that Larchmont is an "employer" under the Acts does, however, provide a basis for challenging the sufficiency of Plaintiff's Complaint.[6] See id. at 515; Fed. R. Civ. P. 12(b)(6). Accordingly, the Court will consider Plaintiff's failure to plead the numerosity requirement as one of the grounds on which Larchmont seeks to dismiss Plaintiff's Complaint under Federal Rule 12(b)(6). See Kern

---

[6] The Fourth Circuit recently joined the Supreme Court in clarifying the distinction between a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Holloway v. Pagan River Dockside Seafood, Inc., --- F.3d --- 2012 WL 604155 (4th Cir. 2012). In Holloway, the panel explained that a "12(b)(1) motion addresses whether [a plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim, and a 12(b)(6) motion addresses whether [a plaintiff] has stated a cognizable claim, a challenge to the sufficiency of the complaint." Id. at *3. It went on to say that "deficiencies in the statement of a federal cause of action should normally be addressed by a motion under rules challenging the sufficiency of the complaint or evidence pleaded to support the complaint, such as authorized by Rules 12(b)(b)(6), 12(c), or 56." Id.

v. U.S., 585 F.3d 187, 193 (4th Cir. 2009) ("[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged."); Sadowski v. U.S. Postal Serv., 643 F. Supp. 2d 749, 752 (D. Md. 2009) (recognizing the implications of Arbaugh and construing defendants' 12(b)(1) challenge to plaintiff's complaint as a challenge under Rule 12(b)(6)).

## III. SUFFICIENCY OF PLAINTIFF'S COMPLAINT

In addition to challenging Plaintiff's Complaint for failure to allege the employer numerosity requirement, Larchmont argues that Plaintiff's Complaint lacks sufficient facts to establish a prima facie case of unlawful retaliation under Title VII or the ADA.[7]

Rule 8 of the Federal Rules requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because Plaintiff is pro se, her complaint is entitled to liberal construction. See Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) (explaining the liberal construction of a pro se litigant's pleadings is particularly appropriate where the complaint raises civil rights issues). In examining the sufficiency of a complaint under Rule 12(b)(6), the

---

[7] Larchmont's motion also argues that Defendant Reed is not a proper defendant in this action. The Court addressed this argument in its Order dated February 23, 2012. ECF No. 29.

Court "begin[s] by taking note of the elements a plaintiff must plead to state a claim" for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1947 (2009). The Court must "accept the facts alleged in [the] complaint as true and construe them in the light most favorable to the plaintiff." Coleman v. Md. Court of Appeals, 626 F.3d 187, 188 (4th Cir. 2010). Nevertheless, threadbare "legal conclusion[s] . . . [are] not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. at 1950. Ultimately, the complaint must state sufficient facts from which the Court can infer the plausibility rather than the mere possibility that the defendant is liable for the alleged misconduct. Id. at 1949; Coleman, 626 F.3d at 190; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009); see Fed. R. Civ. P. 12(b)(6). In a claim for employment discrimination, "while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level,'" Coleman, 62 F.3d at 190 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal citation omitted).

**A. Employee Numerosity Requirement**

Congress exempted employers with less than 15 employees at the time of the alleged unlawful action from Title VII and the ADA's requirements. See 42 U.S.C. §§ 2000e, 12111; See Walters v. Metro Educ. Enters., Inc., 519 U.S. 202, 205 (1997); Depaoli v. Vacation

Sales Assocs., L.L.C., 489 F.3d 615, 622 (4th Cir. 2007). As the U.S. Supreme Court indicated in Arbaugh, the 15-employee requirement is a threshold element of a plaintiff's retaliation claim. See 546 U.S. at 515; Coles v. Deltaville Boatyard, LLC, Civil No. 3:10cv491, 2011 WL 666050, at *7 (E.D. Va. Feb. 14, 2011) (citing Arbaugh).

Plaintiff's Complaint contains no statement concerning the number of individuals that Larchmont employed, nor does Plaintiff assert in her Reply that Larchmont ever employed the requisite number of employees. Instead, her Complaint states that she received a Notice of a Right to Sue under the ADA on March 18, 2011, from the EEOC after the agency's investigation revealed that there was sufficient evidence to believe she had been retaliated against and conciliation efforts with Larchmont failed.[8] Pl.'s Compl. ¶¶ 2-3. In her Reply, Plaintiff merely contends that "it has and will be established by the Plaintiff that Defendants' are a Covered Entity under . . . the American with Disability Act [sic]." Pl.'s Reply ¶ 2, ECF No. 27. Unfortunately, Plaintiff has not attached the Notice of Right to Sue to any of her pleadings, and the Court cannot infer from mere statements that the Notice exists that Larchmont employed 15 or more employees at the time of the alleged discrimination. Cf. Coles, 2011 WL 666050, at *7

[8] Carmi's Answer states that the EEOC has not issued a ruling in the matter. Carmi Answer ¶ 3.

(dismissing plaintiff's complaint where he failed to plead the numerosity requirement but allowing leave to amend because the EEOC determination letter, which plaintiff attached to his opposition brief, stated that the defendant was an employer within the meaning of Title VII). Accordingly, Plaintiff's Complaint should be dismissed. Nevertheless, because the number of individuals that Larchmont employed appears to be in dispute and the Court can easily grant Plaintiff leave to amend her Complaint to include the numerosity requirement, the Court will address Larchmont's remaining grounds for dismissal.

**B. Elements of a Retaliation Claim**

Although Plaintiff is not required to establish a prima facie case of retaliation at the pleading stage, the factual allegations in the complaint must allow the Court to plausibly infer the existence of such elements. See Coleman, 626 F.3d at 190. The elements of a prima facie case of retaliation under the ADA and Title VII are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Id. Larchmont argues that Plaintiff's Complaint is insufficient as to each element.

**1. Protected Activity**

Larchmont argues that the Court should dismiss Plaintiff's Complaint because she has failed to state facts indicating that she

engaged in any form of protected activity while employed at Larchmont. The Court agrees.

Title VII and the ADA contain similar anti-retaliation provisions. See 42 U.S.C. §§ 2000e-3(a), 12203(a). Both statutes make it unlawful for an employer to discriminate against an employee because she has 1) opposed a practice made unlawful by the Acts or 2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" conducted pursuant to the enforcement provisions of the Acts. Id. These two forms of protected activity are known as oppositional and participatory conduct. See Laughlin v. Metro Wash. Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998). A plaintiff may recover for engaging in either form of protected activity. See id.

Plaintiff's Complaint states that she "was asked to write a false statement against [a] co-worker to justify her termination" after the co-worker filed an EEOC charge. Pl.'s Compl. ¶ 2. From this statement alone, the Court cannot infer that Plaintiff participated in an investigation, proceeding, or hearing authorized under the Acts, nor can the Court infer that Plaintiff opposed any conduct made unlawful under the Acts.[9] Even if Larchmont asked

[9] The Fourth Circuit has found that the terms of the participatory conduct clause are "meant to sweep broadly" and that "the scope of protection for activity falling under the participation clause is broader than for activity falling under the opposition clause." Glover v. S.C. Law Enforcement Div., 170 F.3d 411, 414-415 (4th

Plaintiff to write false statements after her co-worker filed an EEOC charge, there are no facts to suggest that this request came during an EEOC investigation. Moreover, the Complaint does not indicate whether Plaintiff complied with or refused the request. In fact, the Complaint fails to allege that Plaintiff engaged in any activity whatsoever. Because Plaintiff's Complaint fails to allege the first element of a prima facie case of retaliation, it should be dismissed. The Court will nevertheless address Larchmont's remaining arguments with respect to the deficiencies of Plaintiff's Complaint.

**2. Adverse Employment Action**

Larchmont concedes that termination is an adverse employment action under the Acts. It nevertheless argues that Plaintiff has not pled sufficient facts to allow the Court to conclude that she was demoted. This argument sets the pleading bar for a pro se plaintiff too high.

To successfully plead a claim for retaliation under Title VII or the ADA, a plaintiff must allege that her employment status suffered. Chaplin v. Du Pont Advance Fiber Sys., 293 F. Supp. 2d 622, 627 (E.D. Va. 2003). Allegations of "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion [are] the

---

Cir. 1999) (quoting Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir. 1997) and Laughlin, 149 F.3d at 259 n.4).

typical requirements for a showing of an 'adverse employment action'. . . ." Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999).

The Court must accept the factual allegations in Plaintiff's Complaint as true. See Coleman, 626 F.3d at 188. Larchmont has not cited any authority suggesting that facts beyond an allegation of demotion are required to demonstrate an adverse employment action at the pleading stage. Accordingly, the Court finds that Plaintiff's statement that Larchmont demoted her on August 7, 2009, sufficiently alleges that she suffered an adverse employment action.

**C. Causal Link Between Protected Activity and Adverse Employment Action**

Assuming that Plaintiff engaged in protected activity between July 24 and 29, 2009, Larchmont argues that Plaintiff's Complaint fails to establish a causal connection between her termination and the alleged protected activity. To satisfactorily plead the third element of a claim for retaliation under the Acts, the facts in the complaint must raise the inference that the employer took the adverse employment action because the plaintiff engaged in protected activity. Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). "An inference of a causal connection between protected activity and an adverse employment action can be created by temporal proximity, if that proximity is very close" and the defendant had knowledge of the

protected activity. Martin v. Scott & Stringfellow, Inc., 643 F. Supp. 2d 770, 789 (E.D. Va. 2009); see Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 501 (4th Cir. 2005). "[G]enerally the passage of time . . . tends to negate the inference of discrimination," but the Fourth Circuit has held that a period of ten weeks between the protected activity and the adverse employment action may raise the inference of causation. See King v. Rumsfeld, 328 F.3d 145, 151 & n.5 (4th Cir. 2003). Conversely, in the absence of evidence of intervening retaliatory animus, a court cannot infer causation where the adverse employment action occurs seven months after the employee engages in protected activity. See Lettieri v. Equant Inc., 478 F.3d 640, 650-651 (4th Cir. 2007).

In the instant case, to the extent Plaintiff engaged in protected activity, the Complaint allows the Court to infer that Larchmont had knowledge of it. Plaintiff states that she was terminated roughly eleven months after engaging in alleged protected activity. The termination occurred roughly ten months after Plaintiff's alleged demotion. There are no facts in the Complaint suggesting that Plaintiff experienced any negative treatment from Larchmont between her demotion and termination. In the absence of such facts, the Court finds that Plaintiff's termination is too remote in time to be causally linked to the alleged protected activity. See Lettieri, 478 F.3d at 651.

On the other hand, Plaintiff has alleged that she was demoted and that the demotion occurred approximately two weeks after she engaged in protected activity. Assuming that Plaintiff engaged in protected activity on or around July 24 and 29, 2009, her alleged demotion was sufficiently proximate to raise the inference of causation. See King, 328 F.3d at 151 & n.5. The Court therefore finds that Plaintiff's Complaint fails to establish a causal link between the alleged protected activity and her termination but that her Complaint successfully establishes a causal link between the alleged protected activity and her alleged demotion.

## IV. CONCLUSION

Plaintiff's complaint is deficient in several respects. First, Plaintiff has failed to state facts indicating that Larchmont employed 15 or more employees for the requisite period of time under the Acts. Second, it is unclear from the face of Plaintiff's Complaint whether she engaged in any activity that could be considered protected under Title VII or the ADA. Third, Plaintiff's Complaint fails to establish a causal connection between the alleged protected activity and her termination. Each failing constitutes sufficient grounds to grant Larchmont's Motion to Dismiss for failure to state a claim upon which relief can be granted. Nevertheless, the Court is willing to grant Plaintiff leave to cure the defects in her Complaint to the extent that she

can, in good faith, plead the requisite elements of a claim for retaliation under Title VII or the ADA.[10]

Accordingly, the Court GRANTS Larchmont's Motion to Dismiss (ECF No. 23) and ORDERS the following:

1. Plaintiff shall file an Amended Complaint alleging all relevant facts pertaining to her adverse treatment at Larchmont that began on or around July 2009 **on or before Friday, March 16, 2012.**

2. Plaintiff shall attach, as exhibits to the Amended Complaint, the Charge of Discrimination that she filed with the EEOC and the Notice of Right to Sue that she received from the EEOC. She may also attach any other documentation that supports her claim, including affidavits and declarations.

3. Larchmont shall respond to Plaintiff's Amended Complaint within the time allotted under Federal Rule of Civil Procedure 15(a)(3). Larchmont may attach supporting documentation, including

[10] The Court notes that it is unable to determine whether Plaintiff's claim properly falls under Title VII or the ADA's anti-retaliation provision due to the generally vague nature of her Complaint. Title VII protects activity related to discrimination on the basis of race, color, religion, sex, or national origin, whereas the ADA protects activity related to discrimination on the basis of disability. Compare 42 U.S.C. § 2000e-2 with 42 U.S.C. § 12112. Although Larchmont has not raised the issue, Plaintiff is advised that failure to plead a claim for retaliation under the proper Act may warrant dismissal of her claim. See Mobley v. Advance Stores Co., Inc., --- F. Supp. 2d. ---, 2012 WL 253112, at *4 (E.D. Va. 2012) (concluding that plaintiff failed to meet the first prong of a Title VII retaliation claim because the alleged protected activity was an EEOC charge for disability discrimination).

affidavits and declarations, as exhibits to its responsive pleadings.

4. The Final Pretrial Conference and Jury Trial dates in this matter shall be vacated and rescheduled by the Court at a later date.

5. The Clerk shall promptly mail a copy of this Order to the Plaintiff.

IT IS SO ORDERED

F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
February 29, 2012